UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jose Flores-Villalongo,                                    Case No.  4:16-cv-0754

          Petitioner

v.                                                          MEMORANDUM OPINION
AND ORDER

Federal Bureau of Prisons,

          Respondent

## BACKGROUND AND HISTORY

*Pro se* Petitioner Jose Flores-Villalongo filed the above-captioned Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241.  Petitioner pled guilty to one charge of conspiracy to

distribute narcotics (cocaine) on August 21, 2014, in the United States District Court for the District

of Puerto Rico.  He was sentenced on December 19, 2014, to 78 months in prison followed by 5

years of supervised release.  As grounds for habeas relief, he asserts that the Bureau of Prisons

("BOP") assigned him a public safety factor of "greatest severity," which is keeping him from being

assigned to a lower security facility or camp.  He asks me to order the BOP to reduce his public

safety factor.  For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was indicted in the United States District Court for the District of Puerto Rico on

one count of engaging in a conspiracy to distribute narcotics (cocaine), two counts of racketeering

through interference with commerce by threat or violence, and three counts of conspiracy against

rights of citizens. *See United States v. Flores-Villalongo*, No. 3:14-cr-0364-DRD-9 (D. Puerto Rico indict. filed May 21, 2014)(Dominguez, J.). He entered into a plea agreement in which he agreed to plead guilty to one count of conspiracy to distribute narcotics (cocaine) in exchange for dismissal of the other charges. He is currently incarcerated in FCI-Elkton serving a 78-month sentence.

Petitioner has filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his security level. The term "security level" describes "the structural variables and inmate-to-staff ratio provided at the various types of BOP institutions ... [and] identifies the institution type required to house inmates based on their histories, institutional adjustment, and Public Safety Factors as well as the physical security of the institution to include mobile patrols, gun towers, perimeter barriers, housing, detection devices, inmate-to-staff ratio, and internal security." *See Perez v. Lappin,* 672 F. Supp. 2d 35, 39-42 (D.D.C. 2009) (citing P.S. 5100.08, ch. 2, p. 5). The BOP classifies its institutions into one of five security levels: Minimum, Low, Medium, High, and Administrative based on the level of security and staff supervision the institution is able to provide. *Id.* (citing P.S. 5100.08, ch. 1, p. 1).

A public safety factor ("PSF") is among the components used to determine the inmate's security level. It is given to an inmate who is not appropriate for placement at an institution which permits inmates to have access to the community, based on the inmate's current offense, sentence, criminal history, and institutional behavior. *Id.* (citing P.S. 5100.08, ch. 2, p. 4). The PSF overrides an inmate's security point score to ensure that he is assigned the appropriate security level, based on his demonstrated behavior. *Id.*

Petitioner is incarcerated at FCI-Elkton, which is a low security federal correctional institution. FCI-Elkton also has a low security camp, which is adjacent to the prison. Petitioner claims that the BOP assigned him a PSF of "greatest severity," which makes him ineligible for placement in the camp or a minimum security facility. He states, without explanation, that "a

2

criminal conviction for extortion only falls under high severity, not greatest severity, [and] I was not even convicted of extortion, but the lesser offense of conspiracy to violate the RICO [Racketeer Influenced Corrupt Organizations Act]."  He contends the PSF of "greatest severity" does not apply to his conviction.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'"  *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, a district court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## ANALYSIS

Petitioner has no constitutional right to be assigned a particular custody classification or security level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Congress expressly vests the BOP with discretion to determine both the custody classification and security levels of federal inmates.  18 U.S.C. §§ 3621. 4081; 28 C.F.R. § 0.96.  The BOP exercises this discretion pursuant to P.S. 5100.08.  *Devonshire v. Holder*, No. CIV. 11-344-GFVT, 2013 WL 460532, at *1-3 (E.D. Ky. Feb. 6, 2013); *Perez*, 672 F.Supp.2d at 40.  The fact that a given PSF may adversely

affect an inmate's eligibility for housing at a particular prison, or for participation in certain BOP programs, does not violate an inmate's rights to due process or equal protection under the law.  *See Moody*, 429 U.S. at 88 n. 9; *Hinojoza v. Fed. Bureau of Prisons*, No. 4:13 CV 2467, 2014 WL 2003035, at *3 (N.D. Ohio May 14, 2014); *Wingo v. Farley*, No. 4:12 CV 2072, 2013 WL 2151638, at *2 (N.D. Ohio May 16, 2013).  Because habeas relief under § 2241 is limited to situations in which a prisoner is being held in violation of the Constitution or laws or treaties of the United States, Petitioner cannot obtain relief under 28 U.S.C. § 2241.

## CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge

4